**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **SELINA MILLER** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 3:14cv952-HTW-LRA** |
| **VANESSA BRYANT, ET AL.** | **DEFENDANTS** |

**REPORT AND RECOMMENDATION**

This cause is before the undersigned for a report and recommendation as to the Application to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Selina Miller [2].  Plaintiff has filed a Complaint against Vanessa Bryant and Kobe Bryant.  If only her income and expenses are reviewed, Plaintiff may be entitled to proceed without the prepayment of fees.  She receives only $700.00 per month in disability income.  However, 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it.  Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision.  *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974), *superseded by statute on other grounds as recognized in Thompson v. Drewry*, 138 F.3d 984 (5th Cir.1998).  The undersigned recommends allowing the Complaint in this case to be filed without prepayment of costs and further recommends as follows.

Plaintiff presented no jurisdictional basis whatsoever in her complaint.  Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the grounds for the court's jurisdiction."  This Court must have original jurisdiction, either via federal question or through diversity jurisdiction, before supplemental jurisdiction would apply.  Plaintiff makes no assertion that the parties have diversity of citizenship, and she does not set

1

forth a claim under a federal statute or the United States Constitution.  Liberally construed, or actually outright guessing at what they might be, Plaintiff's claims might possibly be state law tort claims of some sort based on her alleged relationship with Kobe Bryant.

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir.2001); U.S.Const., art. III, § 2.  Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case.  *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582 -83 (1999).  The Court must inquire into its subject-matter jurisdiction on its own initiative.  *Id.*  It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for ... jurisdiction."  *MCG, Inc. v. Great Western Energy Corp*., 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

Plaintiff is prosecuting this case *pro se.*  Therefore, her  pleadings must be liberally construed.  *Peña v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).  The Court does not need Plaintiff to locate the law regarding subject-matter jurisdiction; she simply must plead facts which would allow the Court to exercise jurisdiction over the parties.  Having an attorney would probably not change the fact that her claims may not be heard in this Court--not all cases are properly filed in the federal courts, regardless of the merits of the claims.  Nowhere in the Complaint does Plaintiff set forth a factual basis for federal jurisdiction.

When a basis for subject matter jurisdiction cannot be discerned from the allegations of the Complaint, the Court is unable to exercise jurisdiction to consider the merits of the case.  *See Ruhrgas*, 526 U.S. at 583.  Accordingly, this case should be dismissed without prejudice.

Additionally, granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the

Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). The statute which governs IFP proceedings provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This statute applies equally to prisoner and non-prisoner cases. *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Id.*

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quotation marks and citation omitted); *see Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002) ("Newsome's complaint has no arguable basis in fact or law, and no relief could be granted to her under any set of facts consistent with her allegations. The complaint is frivolous, fails to state a claim, and was properly dismissed."). "District courts are vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (collecting cases).

In her five-sentence Complaint, though it is far from clear, Plaintiff apparently contends that Kobe Bryant (presumably professional basketball player Kobe Bryant) proposed to her, and that the Bryants destroyed their own marriage. [1]. Plaintiff also makes an allegation that Defendant Vanessa Bryant's "false allegation about Selina Miller is a Prostitute contribute to the

3

divorce." *Id.* Plaintiff does not explain how she contends that the five sentences she has set out in her Complaint entitle her to the 50 million dollars she demands as damages. At this juncture, it appears to this Court that Plaintiff's complaint is both frivolous and lacking an arguable basis in law or fact.

## Conclusion

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed for lack of jurisdiction, as frivolous and for failure to state a claim on which relief may be granted.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation. Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636.

This the 30th day of December, 2014.

/s Linda R. Anderson
UNITED STATE MAGISTRATE JUDGE